**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LAUNICE WALKER as Special Administrator of, the Estate of ALBERT ALLEN, deceased, | ) ) ) | |
| | ) | No. 07 C 5552 |
| Plaintiff, | ) ) | |
| v. | ) ) | Judge Ronald Guzman |
| THOMAS DART, et al., | ) ) ) | Magistrate Judge Jeffrey Cole |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT COUNTY OF COOK'S
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

NOW COMES Defendant COUNTY OF COOK[1] by its attorney, RICHARD A. DEVINE, State's Attorney of Cook County, through his Assistant State's Attorneys, Renée O. Cho and Patrick M. Blanchard, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure move this Honorable Court to dismiss Plaintiff's Second Amended Complaint. In support of its motion, Defendant states as follows:

### I. INTRODUCTION

Plaintiff brings her Second Amended Complaint against several defendants for alleged violations of Albert Allen's civil and constitutional rights and for state law claims of medical negligence under the Illinois Wrongful Death Act, Illinois Survival Act and Illinois Family Expense Act. As outlined below, Defendant COUNTY OF COOK seeks dismissal of Plaintiff's Second Amended Complaint for the failure to state a claim upon which relief can be granted.

---

[1] "COUNTY OF COOK, d/b/a Department of Corrections and unknown employees" has been improperly named as a defendant in Counts I through IV. As will be discussed below, COUNTY OF COOK, d/b/a Department of Corrections is an improper party, and therefore, this non-suable entity should be dismissed. Additionally, "Defendant Cermak Health Services" and "Defendant Stroger Hospital" have also been named as defendants in Counts V through VIII and Counts IX through XI, respectively. As will be discussed below, "Cermak Health Services" and "Stroger Hospital" are non-suable entities, and therefore should also be dismissed.

1

Plaintiff Launice Walker brings this action as the Special Administrator of the estate of her grandson, Albert Allen ("Mr. Allen") who was a pre-trial detainee at the Cook County Department of Corrections ("CCDOC"). Plaintiff alleges that Mr. Allen was incarcerated in the CCDOC from July 1, 2006 through September 1, 2006. *See,* attached as Exhibit A, Plaintiff's Second Amended Complaint, at ¶¶7, 10-16 of Count I. Plaintiff alleges that during this time period, Mr. Allen made repeated attempts to get help for his medical needs. Exhibit A, ¶10 of Count I. Allegedly, Mr. Allen was found unconscious in his cell on September 1, 2006 and transferred to the John H. Stroger, Jr. Hospital of Cook County ("Stroger Hospital") for medical attention. Exhibit A, ¶16 of Count I. Plaintiff alleges that Mr. Allen died of sepsis on September 3, 2006. Exhibit A, ¶17 of Count I.

Plaintiff brings this action under 42 U.S.C. §1983 ("Section 1983") alleging violations of the Eighth Amendment of the U.S. Constitution based on a denial of medical care at the CCDOC. Specifically, Plaintiff alleges that while Mr. Allen was a pre-trial detainee at the CCDOC from July 1 through September 1, 2006, Mr. Allen was given inadequate medical treatment at Cermak Health Services of Cook County ("Cermak Health Services") by various medical personnel, including Defendants Andrew deFuniak, M.D., James Kapotas, M.D., Barbara Davis, M.D., Oscar Jara, M.D., Janet Watson, R.N., Rose Echols, R.N., Terry Gros, R.N. and Betty Davis, R.N. ("Cermak Defendants"). Exhibit A, ¶¶ 7-12 of Counts V-VIII.

Further, Plaintiff alleges that after Mr. Allen was admitted to Stroger Hospital on September 1, 2006, Mr. Allen was given inadequate medical treatment at Stroger Hospital by various medical personnel, including Defendants Sharon Southe, M.D., Aiman Tulaimat, M.D., Matas Morkevicius, M.D., Vinni Grover, M.D., Anitha Yadav, M.D. James Kapotas, M.D., Alexander Meininger, M.D., Noelle Bertelson, M.D., Robert Wysocki, M.D., Ljuba Stojiljkovic,

M.D., Tanyu Jelev, M.D., Hyang Paek, M.D., Teri Chew, M.D., Michael Schindlbeck, M.D., Alicia Leung, M.D., P. Patel, M.D., Kamo Sidhwa, M.D., Doreen Lee, M.D. and Gopi Reddy, M.D. ("Stroger Defendants"). Exhibit A, ¶¶ 4-7 of Counts IX-XI.

Plaintiff's Second Amended Complaint contains eleven separate counts. Plaintiff seeks relief against Defendant COUNTY OF COOK under a number of theories each of which are subject to dismissal as outlined below.

In Counts I through IV, Plaintiff directs her allegations against the "COUNTY OF COOK d/b/a Department of Corrections," both an improper party and a non-suable entity, as the Department of Corrections exists as a department under the direction of the Cook County Sheriff.

With respect to Counts V through XI, Plaintiff likewise seeks relief in Counts V through VIII, directed against "Defendant Cermak Health Services" and in Counts IX through XI, directed against "Defendant Stroger Hospital," both of which are non-suable entities. Further, in Counts V through XI, Plaintiff fails to plead any allegations of wrongdoing by Defendant COUNTY OF COOK.

Moreover, as the Special Administrator of the Estate of Mr. Allen, Plaintiff Launice Walker is not entitled to recover damages in an individual capacity under Section 1983 and the Eighth Amendment, the Illinois Wrongful Death Act, the Illinois Survival Statute and the Illinois Family Expense Act.

In Count VIII, Plaintiff improperly alleged that the Eighth Amendment affords constitutional rights for pre-trial detainees, such as Mr. Allen. Exhibit A, Count VIII. Additionally, Plaintiff improperly alleged that the Eighth Amendment creates a cause of action for medical negligence. Exhibit A, ¶13 of Count VIII. In addition, in her prayer for relief,

Plaintiff requests that the Court grant punitive damages against COUNTY OF COOK, a governmental entity. Exhibit A, Count VIII. In Count VIII, pursuant to Section 1983, Plaintiff seeks to impose liability on Defendant COUNTY OF COOK under the theory of respondeat superior for alleged violations by the individual Cermak Defendants. Exhibit A, Count VIII.

Finally, Counts VII and XI brought under the Illinois Family Expense Act against "Defendant Cermak Health Services" and "Defendant Stroger Hospital," respectively, must also be dismissed, as parents are not entitled to recover expenses for adult children under the statute.

Accordingly, Defendant COUNTY OF COOK respectfully requests this Honorable Court dismiss Plaintiff's Second Amended Complaint for failure to state a claim against Defendant COUNTY OF COOK.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) does not test whether the plaintiff will prevail on the merits but instead whether the claimant has properly stated a claim. Williams v. Fairman, 1996 U.S. Dist LEXIS 4013 at *2 (N.D. Ill. 1996), *citing* Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) only if, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Neitzke v. Williams, 490 U.S. 319, 327 (1989), *quoting* Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). In reviewing a motion to dismiss, a district court's review is limited to the four corners of the complaint. Gomez v. Illinois State Board of Education, 811 F.2d 1030, 1039 (7th Cir. 1987). The court should take the well-pleaded factual allegations of the complaint and view them, as well as reasonable inferences drawn from them, in the light most favorable to the Plaintiff. Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997). Nevertheless, while a district court will dismiss a complaint when no relief can be granted under a set of facts consistent with the allegations, the court should not strain to find

4

inferences not plainly apparent from the face of the complaint. Hishon, 467 U.S. at 73. Furthermore, it should be noted "litigants may plead themselves out of court by alleging facts that may establish defendants' entitlement to prevail." Bennett v. Schmidt, 153 F.3d 516, 519 (7th Cir. 1998).

### III. ARGUMENT

### A. COUNTY OF COOK d/b/a DEPARTMENT OF CORRECTIONS IS NOT A PROPER PARTY AS TO COUNTS I THROUGH IV

In Counts I through IV, Plaintiff alleges violations under Section 1983 and the Eighth Amendment against, amongst other defendants, "Defendant COUNTY OF COOK, d/b/a Department of Corrections and unknown employees." Plaintiff improperly named "Defendant COUNTY OF COOK, d/b/a Department of Corrections and unknown employees" four (4) times as a defendant. Exhibit A, Counts I-IV. No legitimate interest is served by improperly designating "COUNTY OF COOK, d/b/a Department of Corrections" as a defendant in the complaint.

The capacity to be sued in federal court is governed by state law. FED. R. CIV. P. 17(b); Mayes v. Elrod, 470 F. Supp. 1188, 1192 (N.D. Ill. 1979); Fairman, 1996 U.S. Dist. LEXIS at *2. Under Illinois law, a defendant must have a legal existence, either natural or artificial to be subject to suit. Id., at *2-3; Jackson v. Village of Rosemont, 180 Ill.App.3d 932, 937-38, 536 N.E.2d 720, 723 (1st Dist. 1988).

Not only is "COUNTY OF COOK, d/b/a Department of Corrections" an improper party but also the Department of Corrections does not exist as a separate and distinct entity apart from the Cook County Sheriff. The Department of Corrections is merely a department "created within the office of the Sheriff," 55 ILL. COMP. STAT. 5/3-15002 (2007), its powers and duties are "exercised under the direction of the Sheriff," 55 ILL. COMP. STAT. 5/2-15003 (2007), and its executive director "shall serve at the pleasure of the Sheriff." 55 ILL. COMP. STAT. 5/3-15012

(2007); Larsen v. Leak, 1992 U.S. Dist. LEXIS 229, *3 (N.D. Ill. 1992); *see also*, Mayes, 470 F. Supp. at 1192.

Accordingly, as the "COUNTY OF COOK, d/b/a Department of Corrections" lacks any independent legal existence, and due to the fact the County possesses no administrative authority over the Department of Corrections, Defendant COUNTY OF COOK respectfully requests that this Honorable Court dismiss Counts I through IV of the Plaintiff's Second Amended Complaint pursuant to Rule 12(b)(6) for failure to state a claim against Defendant COUNTY OF COOK.

**B.    PLAINTIFF'S ALLEGATIONS ARE DIRECTED TOWARDS NON-SUABLE ENTITIES IN COUNTS V THROUGH XI**

In Counts V through XI, Plaintiff alleges civil rights violations under Section 1983 and constitutional deprivation under the Eighth Amendment, as well as acts of medical negligence under the Illinois Wrongful Death Act, the Illinois Survival Act, and the Illinois Family Expense Act against, amongst other defendants, Defendant COUNTY OF COOK, d/b/a Cermak Health Services and d/b/a Stroger Hospital.  However, throughout her complaint, Plaintiff's allegations are solely directed at "Defendant Cermak Health Services" and "Defendant Stroger Hospital." Plaintiff misidentified Cermak Health Services forty-one (41) times as a defendant (Exhibit A, Count V-VIII) and Stroger Hospital twenty-six (26) times as a defendant (Exhibit A, Count IX-XI).  No legitimate interest is served by misdesignating either Cermak Health Services or Stroger Hospital as a defendant in the complaint.  Importantly, no allegations in the complaint are directed at Defendant COUNTY OF COOK.

Pursuant to 17(b) of the Federal Rules of Civil Procedure, the capacity to be sued in federal court is governed by state law. Mayes, 470 F. Supp. at 1192; Fairman, 1996 U.S. Dist. LEXIS 4013 at *2.  Under Illinois law, a defendant must have a legal existence, either natural or artificial to be subject to suit. Id., at *2-3; Village of Rosemont, 180 Ill.App. 3d at 937-38, 536

6

N.E.2d at 723. Departments within a governing body lack the required separate legal existence to be held accountable. Fairman, 1996 U.S. Dist. LEXIS 4013 at *3; Williams v. Hutchens, 870 F. Supp. 857, 860 (N.D. Ill. 1994).

Cermak Health Services and Stroger Hospital do not exist as separate and distinct entities apart from the County of Cook. Rather, Cermak Health Services and Stroger Hospital are two of the many departments and facilities overseen by the County of Cook. Since both Cermak Health Services and Stroger Hospital lack their own specific identity, the lawsuit against these non-suable entities should be dismissed. Again, no allegations in the complaint are directed at Defendant COUNTY OF COOK and therefore, Plaintiff has not stated a claim against Defendant COUNTY OF COOK in Counts V through XI.

Accordingly, Defendant COUNTY OF COOK respectfully requests that this Honorable Court dismiss Counts V through XI of the Plaintiff's Second Amended Complaint pursuant to Rule 12(b)(6) for failure to state a claim against Defendant COUNTY OF COOK and that any references to "Defendant Cermak Health Services" and "Defendant Stroger Hospital" and that any reference to those facilities be stricken and excluded from further consideration in the course of litigation.

**C.  PLAINTIFF IS NOT ENTITLED TO RECOVER FOR LOSS OF SOCIETY AND COMPANIONSHIP UNDER SECTION 1983, THE ILLINOIS WRONGFUL DEATH STATUTE, ILLINOIS SURVIVAL ACT AND ILLINOIS FAMILY EXPENSE ACT**

Plaintiff and Special Administrator of the Estate of Mr. Allen, Launice Walker is not entitled to individual compensation under Section 1983 and the Eighth Amendment, the Illinois Wrongful Death Statute, the Illinois Survival Act and the Illinois Family Expense Act.

In her complaint, Plaintiff claims that in addition to Mr. Allen's mother, Modine Allen and Mr. Allen's father, Albert Posey, Plaintiff has "suffered personal and pecuniary loss as the

7

result of the death [of Mr. Allen] and has suffered from the loss of the love, affection, society and companionship that [she] enjoyed prior to his death." *See,* Exhibit A, ¶19 of Count II, ¶13 of Count V, ¶8 of Count IX. In addition, throughout the complaint, Plaintiff has demanded judgment against the applicable defendants in both an individual capacity and in her capacity as the special administrator of the estate. *See,* Exhibit A.

With respect to Count VIII, "in a federal civil rights action where the person who has been deprived of his rights has died, the action survives for the benefit of the estate if the applicable state law creates such a survival action." Spence v. Staras, 507 F.2d 554, 557 (7th Cir. 1974). Under Illinois law, these actions must be brought in a representative, rather than an individual, capacity. Spence, 507 F. 2d at 557.

With respect to Counts V and IX, under the Illinois Wrongful Death Act, 740 ILL. COMP. STAT. 180/1 et seq., such action must be brought by and in the name of the personal representative of the deceased. Addison v. Health and Hospital Governing Commission of Cook County, 56 Ill.App. 3d 533, 535, 371 N.E.2d 1060, 1062 (1st Dist. 1977). Although the administrator possesses the sole right of action or control over the litigation, "Section 2 of the Illinois Wrongful Death Act does not create an individual right for a plaintiff bringing suit, rather it affords a cause of action for the benefit of the deceased's estate." Addison, 56 Ill.App. 3d at 535, 371 N.E.2d at 1062; Evain v. Conlisk, 364 F. Supp. 1188, 1191, (N.D. Ill. 1973), *aff'd* 498 F.2d 1403 (7th Cir. 1974). Furthermore, recovery under the Illinois Wrongful Death Act is limited to those beneficiaries clearly described in the statute. Rogers v. Consolidated Railroad Corp., 136 Ill.App. 3d 191, 194, 482 N.E.2d 1080, 1083 (4th Dist. 1985). The Act is exclusively for the benefit of the "surviving spouse and next of kin." 740 Ill. Comp. Stat. 180/2 (2007); Rogers, 136 Ill.App. 3d at 194, 482 N.E.2d at 1083.

With respect to Counts VI and X, under the Illinois Survival Act, 755 ILL. COMP. STAT. 5/27-6 (2007), the decedent's representative can maintain those statutory or common law actions which had already accrued to the decedent before he died. Rogers, 136 Ill.App. 3d at 196, 482 N.E.2d at 1084. Under Illinois law, these actions must be brought in a representative, rather than an individual, capacity. Spence, 507 F. 2d at 557.

With respect to Counts VII and XI, under the Illinois Family Expense Act, 750 ILL. COMP. STAT. 65/15 (2007), the Illinois appellate court found that when funeral expenses are paid by the administrator of the estate, recovery for funeral expenses by an individual in her individual capacity is not allowed. National Bank of Bloomington v. Norfolk & Western Railway Co., 46 Ill.App. 3d 757, 763, 362 N.E.2d 369, 373 (4th Dist. 1977).

Defendant COUNTY OF COOK submits that pursuant to Plaintiff's allegations that Mr. Allen is survived by his living mother and father, as the grandmother of Mr. Allen, Plaintiff Launice Walker is not entitled to individual compensation for the loss of her grandson.

Therefore, Defendant COUNTY OF COOK respectfully requests that the portion of Plaintiff's Second Amended Complaint requesting individual compensation on behalf of Plaintiff Launice Walker be dismissed and stricken and excluded from further consideration in the course of litigation.

**D. THE EIGHTH AMENDMENT DOES NOT AFFORD CONSTITUTIONAL RIGHTS TO PRE-TRIAL DETAINEES**

In Count VIII, Plaintiff claims that Mr. Allen was deprived of his constitutional rights under the Eighth Amendment when "Defendant Cermak Health Services" and the Cermak Defendants failed to provide Mr. Allen with medical treatment while he was a pre-trial detainee at the CCDOC. Exhibit A, ¶5 of Count VIII. Claims brought by pre-trial detainees must be analyzed under the due process clause of the Fourteenth Amendment. Williams v. Fairman,

9

1996 U.S. Dist. LEXIS 4013 at *2 (N.D. Ill. 1996), *citing* Bell v. Wolfish, 441 U.S. 520, 536 (1979).

Accordingly, Defendant COUNTY OF COOK respectfully requests that this Honorable Court dismiss the Count VIII pursuant to Rule 12(b)(6) for failure to state a claim against Defendant COUNTY OF COOK.

### E. THE EIGHTH AMENDMENT DOES NOT CREATE A DUTY TO RENDER MEDICAL CARE

Count VIII of Plaintiff's complaint alleges that under the Eighth Amendment, "Defendant Cermak Health Services" and the Cermak Defendants had a duty to provide persons in its custody care, like Mr. Allen, with adequate medical care. Exhibit A, ¶ 12 of Count VIII. In addition, Plaintiff alleges that contrary to the aforementioned duty under the Eighth Amendment, both "Defendant Cermak Health Services" and the Cermak Defendants breached that duty, Exhibit A, ¶13 of Count VIII.

The Eighth Amendment provides as follows:

"Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. XIII.

While the foregoing provides a cause of action stemming from cruel and unusual punishment, the Eighth Amendment does not create a cause of action for medical negligence.

Accordingly, Defendant COUNTY OF COOK respectfully requests that this Honorable Court dismiss the Count VIII pursuant to Rule 12(b)(6) for failure to state a claim against Defendant COUNTY OF COOK.

### F. PUNITIVE DAMAGES ARE NOT ALLOWED AGAINST GOVERNMENTAL ENTITIES

In her prayer for relief in Count VIII, Plaintiff prays for judgment against all Cermak Defendants jointly and severally for all damages recoverable under Section 1983, including

punitive damages. Exhibit A, Count VIII. While punitive damages may be awarded against individual defendants under Section 1983, local governments are immune from punitive damages liability. *See,* City of Newport v. Fact Concerts, 453 U.S. 247 (1981).

Therefore, Defendant COUNTY OF COOK respectfully requests that the portion of Plaintiff's Second Amended Complaint requesting punitive relief should be stricken and excluded from further consideration in the course of litigation.

### G. DEFENDANT MAY NOT BE HELD LIABLE UNDER SECTION 1983 ON A THEORY OF RESPONDEAT SUPERIOR

In Count VIII, Plaintiff alleges that "Defendant Cermak Health Services" through its agents and employees constitutionally deprived decedent of adequate medical care under Section 1983 and the Eighth Amendment. Exhibit A, Count VIII.

A municipality may not be held liable under 1983 on a theory of respondeat superior. Sivard v. Pulaski County, 17 F.3d 185, 188 (7th Cir. 1994); Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691 (1978). In Monell, the Supreme Court held "that municipality can be found liable under Section 1983 only where the municipality itself causes the constitutional violation at the time." Thompson v. Duke, 882 F.2d 1180, 1187 (7th Cir. 1988); *quoting* City of Canton v. Harris, 489 U.S. 378 (1989) (discussing Monell) (emphasis in the original).

The Seventh Circuit has held that a party has waived a claim for failing to cite both legal authority and supporting factual evidence. Davis v. Carter, 452 F.3d 686 (7th Cir. 2006) *See,* Estate of Moreland v. Dieter, 395 F.3d 747, 759 (where the plaintiff "failed to discuss the facts relevant to the claim," the court notes that "[p]erfunctory or underdeveloped arguments are waived.") *See also,* e.g., Freeman United Coal Mining Co. v. Office of Workers Compensation

11

Programs, Benefits Review Board, 957 F.2d 302, 305 (7th Cir. 1992) ("We have no obligation to consider an issue that is merely raised, but not developed, in a party's brief.")

In Count VIII of her complaint, Plaintiff solely attributes liability to "Defendant Cermak Health Services," by and through its agents and/or employees, the Cermak Defendants. Exhibit A, ¶¶12-3, 16 of Count VIII. As Defendant COUNTY OF COOK cannot be held vicariously liable for the actions of its employees, Defendant COUNTY OF COOK should be dismissed from the complaint.

Accordingly, Defendant COUNTY OF COOK respectfully requests that this Honorable Court dismiss the Count VIII pursuant to Rule 12(b)(6) for failure to state a claim against Defendant COUNTY OF COOK.

**H.   THE ILLINOIS FAMILY EXPENSE ACT DOES NOT PERMIT RECOVERY FOR EXPENSES INCURRED BY ADULT CHILDREN**

Finally, Counts VII and XI brought under the Illinois Family Expense Act against "Defendant Cermak Health Services" and "Defendant Stroger Hospital," respectively, must also be dismissed as parents are not entitled to recover expenses for adult children under the statute. Rodgers, 136 Ill.App 3d at 196, 482 N.E.2d at 1084; Tully v. Cuddy, 139 Ill.App. 3d 697, 699, 487 N.E.2d 1095, 1097 (1st Dist. 1985).

In her complaint, Plaintiff submits that she is entitled to recover funeral, burial and medical expenses as a result of the death of Mr. Allen. Exhibit A, ¶12 of Count VII, ¶8 of Count XI. On September 3, 2006, Mr. Allen was twenty-four (24) years old. The Illinois Family Expense Act does not allow recovery for expenses once a child has reached the age of majority, eighteen (18) years. Tully, 139 Ill.App. 3d at 699, 487 N.E.2d at 1097. Therefore, Plaintiff is not entitled to recover funeral, burial and medical expenses, because legally, Mr. Allen was an adult child on the date of his death.

Accordingly, Defendant COUNTY OF COOK respectfully requests that this Honorable Court dismiss the Counts VII and XI pursuant to Rule 12(b)(6) for failure to state a claim against Defendant COUNTY OF COOK.

## CONCLUSION

WHEREFORE, Defendant COUNTY OF COOK respectfully requests that pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, this Honorable Court dismiss Plaintiff's Second Amended Complaint.

Respectfully Submitted,

| | |
|---|---|
| RICHARD A. DEVINE<br>State's Attorney of Cook County | RICHARD A. DEVINE<br>State's Attorney of Cook County |
| By: /s/ Renée O. Cho<br>Renée O. Cho<br>ARDC # 6288075<br>Assistant State's Attorney<br>301 Richard J. Daley Center<br>Chicago, Illinois 60602<br>(312) 603-4176 | By: /s/ Patrick M. Blanchard<br>Patrick M. Blanchard<br>ARDC # 6203783<br>Assistant State's Attorney<br>501 Richard J. Daley Center<br>Chicago, Illinois 60602<br>(312) 603-5339 |