**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LAUNICE WALKER as Special Administrator of, | ) | |
| the Estate of ALBERT ALLEN, deceased, | ) | |
| | ) | No. 07 C 5552 |
| Plaintiff, | ) | |
| v. | ) | Judge Ronald Guzman |
| | ) | |
| THOMAS DART, et al., | ) | Magistrate Judge |
| | ) | Jeffrey Cole |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' TERI CHEW,
VINNI GROVER, TANYU JELEV, JAMES KAPOTAS,
DHEERAJREDDY GOPIREDDY, MATAS MORKEVICIUS, HYUNG PAEK,
PRITESH PATEL, MICHAEL SCHINDLBECK, SHARON SOUTHE,
LJUBA STOJILJKOVIC, AIMAN TULAIMAT and ROBERT WYSOCKI'S
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

NOW COME Defendants TERI CHEW, VINNI GROVER, TANYU JELEV, JAMES

KAPOTAS, DHEERAJREDDY GOPIREDDY, MATAS MORKEVICIUS, HYUNG PAEK,

PRITESH PATEL, MICHAEL SCHINDLBECK, SHARON SOUTHE, LJUBA

STOJILJKOVIC, AIMAN TULAIMAT and ROBERT WYSOCKI by their attorney, RICHARD

A. DEVINE, State's Attorney of Cook County, through his Assistant State's Attorneys, Renee O.

Cho and Patrick M. Blanchard, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure move this Honorable Court to dismiss Plaintiff's Second Amended Complaint.   In

support of their motion, Defendants state as follows:

**INTRODUCTION**

This case involves allegations that Defendants TERI CHEW, VINNI GROVER, TANYU

JELEV, JAMES KAPOTAS, DHEERAJREDDY GOPIREDDY, MATAS MORKEVICIUS,

HYUNG PAEK, PRITESH PATEL, MICHAEL SCHINDLBECK, SHARON SOUTHE,

LJUBA STOJILJKOVIC, AIMAN TULAIMAT and ROBERT WYSOCKI negligently provided

treatment related to allegedly infected hardware that was placed in the right arm of Albert Allen ("Mr. Allen") prior to his incarceration at the Cook County Department of Corrections which began on July 7, 2006.[1]

Counts V-VIII allege claims under the Illinois Wrongful Death statute, the Illinois Survival Act, the Illinois Family Expense Act and 42 U.S.C. §1983 ("Section 1983") and the Eighth Amendment, respectively, and are brought against Defendant JAMES KAPOTAS. Counts IX-XI allege claims under the Illinois Wrongful Death statute, the Illinois Survival Act and the Illinois Family Expense Act, respectively, and are brought against Defendants TERI CHEW, VINNI GROVER, TANYU JELEV, JAMES KAPOTAS, DHEERAJREDDY GOPIREDDY, MATAS MORKEVICIUS, HYUNG PAEK, PRITESH PATEL, MICHAEL SCHINDLBECK, SHARON SOUTHE, LJUBA STOJILJKOVIC, AIMAN TULAIMAT and ROBERT WYSOCKI. Counts I-IV are directed at other defendants and are not addressed in this motion. *See*, attached as Exhibit A, "Plaintiff's Second Amended Complaint," filed on December 14, 2007.

Accordingly, Defendants respectfully request that this Honorable Court dismiss Plaintiff's Second Amended Complaint for failure to state a claim against Defendants.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) does not test whether the plaintiff will prevail on the merits but instead whether the claimant has properly stated a claim. Williams v. Fairman, 1996 U.S. Dist LEXIS 4013, *2 (N.D. Ill. 1996), *citing* Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) only if, "it is clear that no relief could be granted under any set of facts that could be

---

[1] For a full statement of facts, please see the introductory paragraphs submitted in the "Memorandum of Law in Support of Defendant County of Cook's Motion to Dismiss Plaintiff's Second Amended Complaint."

proved consistent with the allegations." <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989), *quoting* <u>Hishon v. King & Spaulding</u>, 467 U.S. 69, 73 (1984).  In reviewing a motion to dismiss, a district court's review is limited to the four corners of the complaint.  <u>Gomez v. Illinois State Board of Education</u>, 811 F.2d 1030, 1039 (7th Cir. 1987). The court should take the well-pleaded factual allegations of the complaint and view them, as well as reasonable inferences drawn from them, in the light most favorable to the Plaintiff.  <u>Gutierrez v. Peters</u>, 111 F.3d 1364, 1369 (7th Cir. 1997). Nevertheless, while a district court will dismiss a complaint when no relief can be granted under a set of facts consistent with the allegations, the court should not strain to find inferences not plainly apparent from the face of the complaint. <u>Hishon</u>, 467 U.S. at 73. Furthermore, it should be noted "litigants may plead themselves out of court by alleging facts that may establish defendants' entitlement to prevail." <u>Bennett v. Schmidt</u>, 153 F.3d 516, 519 (7th Cir. 1998).

## ARGUMENT

### A.   SECTION 2-1010 OF THE ILLINOIS CODE OF CIVIL PROCEDURE ENTITLES DEFENDANT PRITESH PATEL TO DISMISSAL OF THE COMPLAINT

"Enacted as part of the 1985 Illinois Medical Malpractice Reform Act, Section 2-1010 [of the Illinois Code of Civil Procedure (the "Illinois Code")] is intended to alleviate the harassment of medical professionals that occurs when plaintiffs file suit against all possible defendants in the hope that discovery will eventually reveal the proper parties."  <u>Manning v. Crockett</u>, 1996 U.S. Dist. LEXIS 16118, *3 (N.D. Ill. 1996).  Under Section 2-1010(a), defendants may obtain dismissal from a suit by filing, in lieu of an answer or other responsive pleading, an affidavit to certify that they were not directly or indirectly involved in the occurrences alleged in the action. 735 ILL. COMP. STAT. 5/2-1010(a) (2007); <u>Manning</u>, 1996 U.S. Dist. LEXIS 16118 at *3.

"Unless the plaintiff responds with an adequate showing of involvement, the court is required to dismiss the certifying defendant." Id. at *3, *citing,* 735 ILL. COMP. STAT. 5/2-1010(a).

Defendant PRITESH PATEL has reviewed the medical records from the John H. Stroger, Jr. Hospital of Cook County ("Stroger Hospital") pertaining to Mr. Allen during the relevant time periods and maintains that his name does not appear in the medical records. *See,* ¶¶ 3-5 of Exhibit B, "Affidavit of Pritesh Patel, M.D."

Defendant PRITESH PATEL has reviewed the Department of Internal Medicine Rotation Schedule for Rotation 3 ("Rotation Schedule") and maintains that he was on vacation from August 23, 2006 through September 19, 2006. Specifically during the relevant time period, Defendant PRITESH PATEL could not have provided medical services to Plaintiff as PRITESH PATEL was out of the office due to both his wedding and honeymoon. *See,* ¶¶ 6-8 of Exhibit B.

Based on PRITESH PATEL's affidavit, he was neither directly nor indirectly involved in the medical care and treatment alleged in this action. Additionally, PRITESH PATEL, M.D. did not provide medical care or treatment to Mr. Allen at Stroger Hospital during the time alleged, or at any time relevant to the allegations of Plaintiff's Second Amended Complaint at Law. *See,* ¶ 10 of Exhibit B.

For the reasons set forth above and as contained in PRITESH PATEL's affidavit, PRITESH PATEL is entitled to a dismissal from this cause of action, with prejudice, pursuant to Section 2-1010 of the Illinois Code.

**B.     PLAINTIFF'S FAILURE TO COMPLY WITH SECTION 2-622 OF THE ILLINOIS CODE OF CIVIL PROCEDURE WARRANTS DISMISSAL**

On November 21, 2007, Plaintiff filed a single, three (3) page document entitled "Physician's Certificate of Merit," as required by Section 2-622(a)(1) of the Illinois Code. *See,* Exhibit C, Physician's Certificate of Merit. Section 2-622 of the Illinois Code requires that

plaintiffs in an action for "healing art malpractice" attach to their complaint an affidavit from a health care professional who has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action. 735 ILL. COMP. STAT. 5/2-622(a)(1) (2007); Smith v. Gottleib, 2002 U.S. Dist. LEXIS 13313 (N.D. Ill. 2002) (stating that Section 2-622's requirement of attaching an affidavit from a health care professional who has reviewed the claims applies to claims in federal court). The health care professional must clearly identify the reasons that a meritorious claim exists, state the acts fell below the standard of care, and why the acts fell below the standard of care. Gottlieb, at *2.

Federal courts consider 2-622 as substantive state law that must be applied in federal court. Id. at *3; Ibscher v. Snyder, 2003 U.S. Dist. LEXIS 12507, *19 (N.D. Ill. 2003), (interpreting the 7th Circuit's handling of Section 2-622 in Sherrod v. Lingle, 223 F.3d 605, 613 (7th Cir. 2000)) citing, Erie RR Co. v. Tompkins, 304 U.S. 64, 78 (1983); Hanna v. Plumer, 380 U.S. 460, 468 (1965). Section 2-622(g) of the Illinois Code mandates dismissal under Section 2-619 for failure of the plaintiff to file an affidavit and report in compliance with this Section. 735 ILL. COMP. STAT. 5/2-622(g) (2007); Copeland v. Northwestern Memorial Hospital, 964 F. Supp. 1225, 1242 (N.D. Ill. 1997) (holding Plaintiff's medical malpractice claims are governed by Illinois law); Mueller v. North Suburban Clinic, Ltd., 299 Ill.App. 3d 568, 570, 701 N.E.2d 246, 2458 (1st Dist. 1998).

The Legislature designed this requirement to reduce the number of frivolous lawsuits by forcing the plaintiff to establish at the outset that he has a meritorious claim and, therefore, reasonable grounds for pursuing the action. Beauchamp v. Zimmerman, 2005 Ill.App. LEXIS 642, *12 (1st Dist. 2005), Sullivan v. Edward Hospital, 209 Ill.2d 100, 117, 806, N.E.2d 645, 656 (2004). Although the affidavit and report requirements imposed on a plaintiff under Section 2-

622 of the Illinois Code do not rise to the level of substantive elements of a claim for medical malpractice, they are not to be viewed as empty formalism.  Beauchamp, 2005 Ill.App. LEXIS 642, *12; Mueller, 299 Ill.App. 3d at 573, 701 N.E.2d at 250.

Plaintiff's single, three (3) page "Physician's Certificate of Merit" attempts to provide a medical basis to support the medical negligence counts against twenty-six (26) individually named Defendants wherein Dr. Angelo T. Scotti provides, in relevant part, as follows:

> "5.  Specifically there is a reasonable a meritorious case for the filing of an action because it is my opinion that Cermak Health Services by and through their authorized agents, servants and/or employees Andrew deFuniak, M.D., JAMES KAPOTAS M.D., Barbara Davis, M.D. and Oscar Jara, M.D., deviated from the accepted standard of care in one or more of the following ways:  (a) Failed to continue to prescribe antibiotics for Mr. Allen after June 17, 2006; (b) Failed to timely remove and/or order the removal of Mr. Allen's right external fixator; (c) Failed to prescribe antibiotics for Mr. Allen after his physical exam on August 21, 2006; (d) Failed to transfer Mr. Allen to a hospital after his physical examination on August 21, 2006; (e) Failed to order complete blood work up and culture during his physical examination on June 7, 2006 and during his physical examination on August 21, 2006…
>
> 6.  As a direct and proximate result of one or more of the aforementioned deviations from the standard of care, Albert Allen developed sepsis for which he eventually died…
>
> 8.  Specifically there is a reasonable and meritorious case for the filing of an action because it is my opinion that Stroger Hospital and SHARON SOUTHE, M.D., AIMAN TULAIMAT, M.D., MATAS MORKEVICIUS, M.D., VINNI GROVER, M.D., Anitha Yadav, M.D., JAMES KAPOTAS, M.D., Alexander Meininger, M.D., Noelle Bertelson, M.D., ROBERT WYSOCKI, M.D., LJUBA STOJILJKOVIC, M.D., TANYU JELEV, M.D., HYUNG PAEK, M.D., TERI CHEW, M.D., MICHAEL SCHINDLBECK, M.D., Alicia Leung, M.D., P. PATEL, M.D., Kamo Sidhwa, M.D., Doreen Lee, M.D. and [DHEERAJREDDY] GOPIREDDY, M.D., deviated from the accepted standard of care in one of more of the following ways: (a) Failed to timely perform an irrigation and debridement of Mr. Allen's right arm following his August 24, 2006 admission; (b) Failed to adequately remove the infected, necrotic tissue in Mr. Allen's right arm during its debridement; (c) Failed to timely perform a blood transfusion following his August 24, 2006 admission…

9. As a direct and proximate result of one of more of the aforementioned deviations from the standard of care, proximately caused Albert Allen's death from septic shock."

*See,* attached as Exhibit C.

Plaintiff's single, three (3) page Physician's Certificate of Merit is insufficient to satisfy the requirements of Section 2-622 of the Illinois Code as it fails distinguish each of the twenty-six (26) individually named defendants and failed to address the corresponding involvement of each of the twenty-six (26) individually named defendants in the treatment of Mr. Allen.

Although Section 2-622(a)(1) of the Illinois Code requires a single written report to be filed as to each individually-named defendant, courts have allowed a single 2-622 report to be submitted in support of a medical negligence complaint against multiple physician-defendants, providing that "the report should discuss the involvement of each defendant in the treatment of the plaintiff." Mueller v. North Suburban Clinic, Ltd., 299 Ill.App. 3d 568, 570, 701 N.E.2d 246, 248 (1st Dist. 1998). More specifically, the court further found that "where confusion as to the involvement of each defendant might arise, separate reports are required." Mueller, 299 Ill. App. 3d at 577, 701 N.E.2d 253 (emphasis added); Peterson v. Hinsdale Hospital, 233 Ill.App. 327, 332, 599 N.E.2d 84 (2nd Dist. 1992).

In Mueller, the circuit court dismissed the patient's action after the court found that the physician's report filed in support of the plaintiff's complaint against 14 physicians, failed to comply with the statutory requirements of section 2-622 of the Code. Mueller, 299 Ill.App. 3d at 570, 701 N.E.2d at 248. Importantly, the appellate court affirmed the circuit court's finding that the physician's reports were inadequate to support the claims against the three remaining doctors. Id. at 577; Id. at 253.

In its analysis, the appellate court reasoned "we have no idea which of the physician-defendants actually prescribed asprin for the plaintiff, which of them were involved in treating

her for pericarditis, or when each of them began treating the plaintiff…[T]he reports create confusion as to the involvement of the particular physician-defendants in the treatment of the plaintiff and are, therefore insufficient to satisfy the requirements of section 2-622 of the [Illinois] Code." Id. at 577; Id. at 253.

Likewise, Dr. Scotti's single three-page Physician's Certificate of Merit fails to distinguish the twenty-six (26) individually named defendants and fails to address the corresponding involvement of each individually named defendant in the care and treatment rendered to Mr. Allen over several days in separate clinic visits to Cermak Health Services and through a 10-day inpatient admission to Stroger Hospital.

Dr. Scotti is unable to articulate what care and treatment actually provided by each individually named defendant was allegedly negligent. Instead, Dr. Scotti makes generalizations regarding the care and treatment provided by the individually named defendants in order to attribute collective liability to all of them. Dr. Scotti does not differentiate what care and treatment each individually named defendant did and did not do on the various dates of treatment. It is clear from the medical record who provided the various treatments to Mr. Allen. It is clear from the record that all twenty-six (26) individually named defendants did not provide the same treatment for the same condition on the various dates.

In fact, Dr. Scotti's collective opinion appears to be mere conjecture, unsupported by sufficiently specific facts. Similar to the Mueller report's improper aggregate findings, the actions and omissions of Andrew deFuniak, M.D., JAMES KAPOTAS M.D., Barbara Davis, M.D. and Oscar Jara, M.D, and then SHARON SOUTHE, M.D., AIMAN TULAIMAT, M.D., MATAS MORKEVICIUS, M.D., VINNI GROVER, M.D., Anitha Yadav, M.D., JAMES KAPOTAS, M.D., Alexander Meininger, M.D., Noelle Bertelson, M.D., ROBERT WYSOCKI,

M.D., LJUBA STOJILJKOVIC, M.D., TANYU JELEV, M.D., HYUNG PAEK, M.D., TERI CHEW, M.D., MICHAEL SCHINDLBECK, M.D., Alicia Leung, M.D., P. PATEL, M.D., Kamo Sidhwa, M.D., Doreen Lee, M.D. and DHEERAJREDDY GOPIREDDY, M.D., were lumped together into generalized phrases in a single report. Mueller, 299 Ill.App. 3d at 577, 701 N.E.2d at 253. In addition, similar to the Mueller report, although Dr. Scotti stated that he reviewed the Plaintiff's medical records, he failed to discuss the specific involvement of the defendant-parties and makes no mention as to the medical specialty of any of the physicians or clinics. Id., Id.

WHEREFORE, Defendants TERI CHEW, VINNI GROVER, TANYU JELEV, JAMES KAPOTAS, DHEERAJREDDY GOPIREDDY, MATAS MORKEVICIUS, HYUNG PAEK, PRITESH PATEL, MICHAEL SCHINDLBECK, SHARON SOUTHE, LJUBA STOJILJKOVIC, AIMAN TULAIMAT, and ROBERT WYSOCKI, respectfully request that pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, this Honorable Court dismiss the Plaintiff's Second Amended Complaint at Law and strike the Plaintiff's Reviewing Physician's Certificate of Merit.

Respectfully Submitted,

RICHARD A. DEVINE                           RICHARD A. DEVINE
State's Attorney of Cook County             State's Attorney of Cook County

By:   /s/ Renée O. Cho                      By:   /s/ Patrick M. Blanchard
      Renée O. Cho                                Patrick M. Blanchard
      ARDC # 6288075                              ARDC # 6203783
      Assistant State's Attorney                  Assistant State's Attorney
      301 Richard J. Daley Center                 501 Richard J. Daley Center
      Chicago, Illinois 60602                      Chicago, Illinois 60602
      (312) 603-4176                               (312) 603-5339