

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LAUNICE WALKER, as Special Administrator of the Estate of ALBERT ALLEN, deceased, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 07 C 5552 |
| THOMAS DART, individually and as Sheriff of Cook County; MICHAEL SHEAHAN, individually and in his official capacity as the former Sheriff of Cook County, COOK COUNTY, ANDREW DEFUNIAK, M.D., JAMES KAPOTOS, M.D., BARBARA DAVIS, M.D., OSCAR A. JARA, M.D., SHARON SOUTHE, M.D., AIMAN TULAIMAT, M.D., MATAS MORKEVICUS, M.D., VINNI GROVER, M.D., NOELLE BERTELSON, M.D., ROBERT WYSOCKI, M.D., LJUBA STOJILKOVIC, M.D., TANYU JELEV, M.D., HYUANG PAEK, M.D., TERI CHEW, M.D., MICHAEL SCHINDLBECK, M.D., ALICIA LEUNG, M.D., P. PATEL, M.D., KAMO SIDHWA, M.D., DHEERAJREDDY GOPIREDDY, M.D., ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Judge Ronald A. Guzmán |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Launice Walker, as Special Administrator of the Estate of Albert Allen, has sued Thomas

Dart and Michael Sheahan, individually, and in their capacities as current or former Sheriff of Cook

County, Cook County, and nineteen doctors employed by the County, Andrew DeFuniak, James

Kapotos, Barbara Davis, Oscar A. Jara, Sharon Southe, Aiman Tulaimat, Matas Morkevicus, Vinni

Grover, Noelle Bertelson, Robert Wysocki, Ljuba Stojilkovic, Tanyu Jelev, Hyuang Paek, Teri Chew, Michael Schindlbeck, Alicia Leung, Pritesh Patel, Kamo Sidhwa and Dheerajreddy Gopireddy, under a variety of theories for their alleged failure to provide Allen with necessary medical care.[1] The case is before the Court on the Federal Rule of Civil Procedure ("Rule") 12(b)(6) motions to dismiss of: (1) Cook County; (2) Dart and Sheahan, (3) DeFuniak, Kapotos, Davis, Jara, Southe, Tulaimat, Morkevicus, Grover, Wysocki, Stojilkovic, Jelev, Paek, Chew, Schindlbeck, Patel and Gopireddy ("the doctors"); and the Rule 12(b)(5) motions to dismiss of Leung, Sidhwa and Bertelson. For the reasons set forth below, the Court: grants in part and denies in part the County's motion; grants Dart and Sheahan's motion; grants the doctors' motions; and denies the motions of Leung, Sidhwa and Bertelson.

## Background

On July 1, 2006, Albert Allen was incarcerated in a Cook County corrections facility. (Second Am. Compl. ¶¶ 4-7.) At the time, he had surgical hardware implanted in his elbow, which was in a cast. (*Id.* ¶ 8.) Subsequently, medical personnel employed by the County removed the hardware from his elbow. (*Id.* ¶ 9.) Between July 1, 2006 and September 1, 2006, Allen made

---

[1] Plaintiff also named Drs. Anitha Yada, Alexander Meininger and Doreen Lee, and nurses Janet Watson, Rose Echols, Terry Gros and Betty Davis as defendants in this suit, which was originally filed in August 2007. According to the Court's docket, none of these people has been served. Thus, the Court dismisses them from this suit pursuant to Rule 4. *See* Fed. R. Civ. P. 4(m) (stating that defendants generally must be served within 120 days after a complaint is filed); *Finch v. George*, 763 F. Supp. 967, 968 (N.D. Ill. 1991) (noting that "filing of [an] amended complaint does not reset the service clock at zero").

2

repeated requests for medical attention. (*Id.* ¶ 10.) Those requests were denied, despite Allen's obvious need for medical care. (*Id.* ¶¶ 11-14.)

On September 1, 2006, Allen was found unconscious in his cell and sent to Stroger Hospital. (*Id.* ¶ 16.) Two days later, he died from sepsis. (*Id.* ¶ 17.) Plaintiff contends that defendants, through their acts and omissions, are responsible for Allen's death and seeks to hold them liable for it under both federal and state law.

## Discussion

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but plaintiff must make sufficient "[f]actual allegations . . . to raise [her] right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (quotation omitted).

## The County

Cook County seeks dismissal of Counts I-IV of the second amended complaint on the grounds that they assert claims against a non-suable entity, the Cook County Department of Corrections. In fact, these counts assert claims against the Sheriff of Cook County d/b/a Cook County Department of Corrections. Though the d/b/a phrase is superfluous, its inclusion is not grounds for dismissing the claims.

The County also seeks dismissal of Counts V-XI because they are asserted against Cermak Health Services or John H. Stroger Hospital, which are not independently-suable entities. The

3

County admits, however, that Cermak and Stroger are two of its operating units. (Mem. Law Supp. County's Mot. Dismiss at 7.) Thus, the Court construes counts V-XI as being asserted against the County, and denies the County's motion to dismiss those claims on that basis.

The County also seeks to dismiss any individual claims for damages Walker asserts because she is permitted to recover solely as a representative of Allen's estate, not in her individual capacity. Plaintiff agrees that individual recovery is barred. (Pl.'s Mem. Law Resp. County's Mot. Dismiss at 7.) Walker's individual claims for damages are, therefore, dismissed.

Next, the County says that the section 1983 claim asserted against it in Count VIII must be dismissed because it is grounded in *respondeat superior*, a theory of municipal liability not available under section 1983. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). Plaintiff concedes that the claim is baseless (Pl.'s Mem. Law Resp. County's Mot. Dismiss at 10), and thus, the Court dismisses it.

The parties also agree that Walker cannot recover punitive damages from the County under section 1983 and that she cannot state any claims under the Illinois Family Expense Act. Any requests for punitive damages against the County in plaintiff's section 1983 claims are, therefore, dismissed, as are the Family Expense Act claims she asserts against all defendants in Counts VII and XI.

## Dart & Sheahan

Defendants Dart and Sheahan move to dismiss the claims asserted against them individually in Counts I-IV because plaintiff has not alleged that either man was personally involved in the improper conduct alleged in those counts. Plaintiff agrees that there is no basis for holding either defendant liable in his individual capacity. Their motion to dismiss is, therefore, granted.

4

**The Doctors**

Defendant Patel moves to dismiss the claims asserted against him as barred by 735 Ill. Comp. Stat. 5/2-1010(a), which requires dismissal of malpractice claims filed against any doctor who "file[s] an affidavit certifying that he . . . was not directly or indirectly involved in the . . . [relevant] occurrences."[2] Patel filed such an affidavit saying that he was on vacation from August 23, through September 19, 2006, the time during which Allen was treated by the County. (*See* Mem. Law Supp. Doctors' Mot. Dismiss, Ex. B, Patel Aff. ¶¶ 6-10.) Plaintiff responded by submitting some of Allen's medical records, which show that a doctor or doctors named Patel treated Allen. *See* 735 Ill. Comp. Stat. 5/2-1010(b) (stating that a "party may oppose the dismissal . . . [by] show[ing] that the certifying party was directly or indirectly involved in the . . . occurrences alleged"); (Pl.'s Mem. Law Resp. Doctors' Mot. Dismiss, Ex. D, Medical Records.) Patel then filed a second affidavit, which says that he does not hold the fellowship or pager number attributed to the Patels in the records. (*See* Reply Supp. Doctors' Mot. Dismiss, Ex. A, Patel Aff.) In the face of defendant's testimony that he was on vacation during the relevant time and is otherwise distinguishable from the Drs. Patel listed in the records, the fact that the name Patel appears in Allens' records is insufficient to show that this defendant is the doctor to whom the records refer. Patel's motion to dismiss is, therefore, granted.[3]

---

[2] Neither party argues that this provision of the Illinois Code of Civil Procedure does not apply to cases in federal court, so the Court assumes that it does.

[3] The dismissal is without prejudice, however, because plaintiff has sixty days from the date Patel filed his affidavit to conduct discovery "with respect to [his] involvement" in Allen's treatment. 735 Ill. Comp. Stat. 5/2-1010(b). Patel's last affidavit was filed on February 21, 2008. To the extent plaintiff's discovery between that date and April 21, 2008 revealed that defendant Patel was involved in Allen's treatment, plaintiff may amend his complaint accordingly.

5

The other doctors move to dismiss the claims asserted against them on the grounds that the physician's certificate of merit plaintiff submitted to support the suit is inadequate. *See* 735 Ill. Comp. Stat. 5/2-622 (requiring that medical malpractice suits be supported by affidavits from health professionals attesting that there is a reasonable basis for them).[4] The doctors say the certificate is inadequate because it "fails [to] distinguish each of the . . . named defendants and fail[s] to address the corresponding involvement of each" in Allen's treatment. (Mem. Law Supp. Doctors' Mot. Dismiss at 7.)

The Court agrees. If multiple defendants are named in a single suit, the statute generally requires that a separate certificate be filed for each. *See* 735 Ill. Comp. Stat. 5/2-622(b). A single certificate will suffice, however, "if it is sufficiently broad to cover multiple defendants, adequately discusses the deficiencies in the medical care rendered by each, and contains reasons in support of the conclusion that a reasonable and meritorious cause exists for the filing of the action as against each of the defendants." *Mueller v. N. Suburban Clinic, Ltd.*, 701 N.E.2d 246, 250 (Ill. App. Ct. 1998).

Plaintiff's expert says that "there is a reasonable and meritorious case" against DeFuniak, Kapotos, Davis and Jara, because they failed: (1) to prescribe antibiotics for Allen after June 17, 2006; (2) to remove or order the removal of his right external fixator; (3) to prescribe antibiotics for him and transfer him to a hospital after his August 21, 2006 exam; and (4) to order a complete blood work up and culture during his June 7, and August 21, 2006 exams. (Mem. Law Supp. Doctors' Mot. Dismiss, Ex. C, Physician's Certificate of Merit ¶ 5.) He also says "there is a reasonable and meritorious case" against Southe, Tulaimat, Morkevicus, Grover, Kapatos, Wysocki, Stojilkovic,

---

[4] *See* n.2.

Jelev, Paek, Chew, Schindlbeck and Gopireddy because they failed to irrigate and debride Allen's arm in a timely manner, perform a timely blood transfusion on him or adequately remove the infected tissue in his arm after he was admitted to the hospital on August 24, 2006. (*Id.* ¶ 8.) "As a direct and proximate result of one or more of [these] deviations from the standard of care," plaintiff's expert says, Allen died from septic shock. (*Id.* ¶¶ 6, 9.)

Plaintiff's expert does not, however, identify specifically the doctor or doctors who examined Allen on the listed dates or failed to write the appropriate prescriptions, order the appropriate tests or perform the appropriate procedures on him. Thus, the Court cannot tell whether each doctor participated in each contested decision or procedure or simply observed the work of others. Plaintiff's expert also does not say whether any of these doctors was subordinate to any of the others or identify the doctors who had the authority to direct Allen's care. In short, the expert's certificate suggests that there were deviations from the standard of care, but it does not connect those lapses to any individual defendant. Because the certificate does not comply with the statute, the malpractice claims it is meant to support must be dismissed. *See Mueller*, 701 N.E.2d at 250.

### Rule 12(b)(5) Motion

Defendants Leung, Sidhwa and Bertelson say the claims against them must be dismissed because they were not served within the 120-day period prescribed by Rule 4. *See* Fed. R. Civ. P. 4(m). Plaintiff initially filed her complaint against these defendants in August 2007. Leung and Sidhwa were served on February 1, 2008 and Bertelson was served on February 28, 2008.

Plaintiff admits that the these defendants were not timely served but asks the Court to excuse the lapse because there is good cause for it. *See id.* (stating that "if the plaintiff shows good cause for the failure [to serve timely], the court must extend the time for service for an appropriate

period"). Plaintiff says her process server attempted to serve all three defendants numerous times between November 2007 and the dates in February 2008 when service was actually obtained. Because she diligently attempted to serve these defendants within the 120-day period, plaintiff says her failure to do so should be excused.

The Court agrees. The notes of plaintiff's process server show that he tried to serve Bertelson more than thirty times between November 2007 and February 27, 2008, Leung at least twelve times between November 2007 and February 1, 2008, and Sidhwa at least ten times between November 2007 and February 1, 2008. (Pl.'s Resp. Leung, Sidhwa & Bertelsons' Mots. Dismiss, Exs. D-F, P.I. Services Invoices.) Because plaintiff has shown that she was reasonably diligent in trying to effect service on these defendants within the 120-day period, the Court denies their motion to dismiss for untimely service.

## Conclusion

For the reasons set forth above, the Court grants in part and denies in part the County's motion to dismiss [doc. no. 51]. The motion is granted as to Count VIII, Walker's individual claims for damages, her claims for punitive damages against the County in Count I, and the Family Expense Act claims she asserts against all defendants in Counts VII and XI, all of which are dismissed with prejudice. In all other respects, the County's motion is denied. The Court also: (1) grants Dart and Sheahan's motion to dismiss the individual capacity claims asserted against them [doc. no. 46], which are dismissed with prejudice; (2) grants the motions to dismiss of DeFuniak, Kapotos, Davis, Jara, Southe, Tulaimat, Morkevicus, Grover, Wysocki, Stojilkovic, Jelev, Paek, Chew, Schindlbeck, Patel and Gopireddy [doc. nos. 54 & 63] and dismisses the claims against those defendants without prejudice; and (3) denies the motions to dismiss of Leung, Sidhwa and Bertelson [doc. nos. 72 & 82].

In addition, on the Court's own motion, defendants Anitha Yada, M.D., Alexander Meininger, M.D., Doreen Lee, M.D., Janet Watson, R.N., Rose Echols, R.N., Terry Gros, R.N. and Betty Davis, R.N. are dismissed from this suit without prejudice pursuant to Rule 4(m). Plaintiff has fourteen days from the date of this Memorandum Opinion and Order to file an amended complaint that comports with this Order. If she fails to do so in that time, the Court will dismiss with prejudice her claims against DeFuniak, Kapotos, Davis, Jara, Southe, Tulaimat, Morkevicus, Grover, Wysocki, Stojilkovic, Jelev, Paek, Chew, Schindlbeck, Patel, and Gopireddy.

**SO ORDERED.**  ENTERED: 4/18/08

_RONALD A. GUZMAN_
United States District Judge